IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 97-50561

---

TED MEYER, Individually and as Next Friend for Carolyn Preciado, A Minor; ROSEMARY MEYER, Individually and as Next Friend for Carolyn Preciado, A Minor; HAROLD ROBBINS, Individually and as Next Friend for Linda Rosales, now known as Linda Quiroz, A Minor; LINDA ROBBINS, Individually and as Next Friend for Linda Rosales, now known as Linda Quiroz, A Minor; PEDRO R AGUIRRE, Individually and as Next Friend for Angelica Aguirre, A Minor; SYLVIA MARTINEZ, Individually and as Next Friend for Aglae Martinez, A Minor; JESSE MARTINEZ, Individually and as Next Friend for Aglae Martinez, A Minor; HERMINIA LARIOS, Parent of Sarah Ramirez; SARAH RAMIREZ

Plaintiffs-Appellees,

v.

AUSTIN INDEPENDENT SCHOOL DISTRICT;
KENT EWING, Principal, Bowie High School

Defendants-Appellants

---

Appeal from the United States District Court
for the Western District of Texas

---

February 10, 1999

ON PETITION FOR REHEARING

(Opinion November 16, 1998, 5th Cir. 1998 ____F.3d____)

Before KING, Chief Judge, GARWOOD and HIGGINBOTHAM, Circuit Judges.

HIGGINBOTHAM, Circuit Judge:

The appellants seek rehearing, contending we held that a principal would "lose qualified immunity simply because he mistakenly assumes that a parent's defense of his or her child

reflects the child's side of the story," and that "if a school administrator gives a parent an opportunity to defend his or her child, but later the child contends he or she would have told a different story, that school administrator will be personally liable for money damages." We did not hold that. To the contrary, we held that procedural due process is satisfied where there is a meaningful opportunity to tell the child's side of the story. Of course, an administrator's speaking with a parent will not create a meaningful opportunity in every case. Thus, for example, here plaintiffs contend that various administrators merely informed the parents of what had happened and the discipline *already* imposed and gave the parents no meaningful opportunity to explain or seek a different result. Whether such a meaningful opportunity existed here we do not assess. This we leave to the district court, as we must given the limited nature of our interlocutory review.

PETITION FOR REHEARING DENIED.

2